**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONALD AND MARY MOREAUX, Individually and on Behalf of all Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LINCOLN EDUCATIONAL SERVICES CORP., DAVID F. CARNEY, SHAUN E. McALMONT and CESAR RIBEIRO,<br><br>　　　　　　　　　　Defendants | 2:10-cv-04160-SRC-MAS |
| ROBERT LYATHAUD, Individually and on Behalf of all Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>LINCOLN EDUCATIONAL SERVICES CORP., DAVID F. CARNEY, SHAUN E. McALMONT and CESAR RIBEIRO,<br><br>　　　　　　　　　　Defendants | 2:10-cv-04926-SDW-MCA |

MEMORANDUM IN SUPPORT OF
RICHARD ARONS' MOTION TO CONSOLIDATE CASES,
<u>BE APPOINTED AS LEAD PLAINTIFF AND FOR APPROVAL OF LEAD COUNSEL</u>

**PRELIMINARY STATEMENT**

Presently pending before the Court are two securities class action lawsuits (the "Actions") brought on behalf of all persons or entities (the "Class") who purchased the common stock of Lincoln Educational Services Corporation ("Lincoln" or the "Company") during the period of March 13, 2009 and August 5, 2010, inclusive (the "Class Period"). Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), and Rule 10b-5 promulgated under Section 10(b), against defendants Lincoln and several Company officers and directors.

Class member Richard Arons ("Movant") hereby moves this Court, pursuant to Fed. R. Civ. P. 42(a) and Section 21D(a)(3)(B) of the Exchange Act, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an order (a) consolidating the related cases; (b) appointing Movant as lead plaintiff in the Actions; and (c) approving Movant's selection of Bernstein Liebhard LLP as lead counsel for the Class.

Movant suffered a substantial loss resulting from his Lincoln investments – approximately $115,000 – and believes he has the largest financial interest in the Actions.

**STATEMENT OF FACTS**

Lincoln and certain of its officers are charged with making a series of materially false and misleading statements related to the Company's business and operations in violation of the Exchange Act.

Throughout the Class Period, defendants issued a series of materially false and misleading statements regarding Lincoln's compliance with governmental regulations, and the growth and foreseeable profitability of Lincoln.

Defendants' Class Period statements were materially false and misleading when made, and were known by defendants to be false or were recklessly disregarded as such thereby, for the following reasons, among others: Lincoln was not compliant with government regulations under

Title IV; Defendants had propped up the Company's results by fraudulently inducing students to enroll in Lincoln's scholastic and educational programs and engaged in other manipulative recruiting tactics which defendants knew, or recklessly disregarded, could not be maintained; Defendants materially overstated the Company's growth prospects by failing to properly disclose that defendants had engaged in illicit and improper recruiting activities, which also had the effect of artificially inflating the Company's reported results and future growth prospects; and Lincoln did not have adequate systems of internal operational or financial controls, such that Lincoln's reported operational statements and foreseeable growth prospects were true, accurate, or reliable.

During the Class Period, Defendant and Lincoln Executive Chairman James Carney sold almost $6 million in Lincoln stock while in possession of material inside information about the Company.

It was only on August 5, 2010, however, that investors learned the truth about Lincoln after the Company announced that it was changing its recruitment standards and could no longer maintain its growth expectations.  This came right on the heels of the United States General Accounting Office's ("GAO") report concluding that for-profit educational institutions like Lincoln had engaged in an illegal and fraudulent course of action designed to recruit students and over-charge the federal government for the cost of such education.  The August 5th release implicated Lincoln's compliance with government (Title IV) regulations because Lincoln reported a sudden change in "student starts" for the upcoming quarter right after the government findings of wrongdoing concerning recruitment.  Following these disclosures, shares of the Company fell over $4.30, or almost 20% in a single trading day, on unusually high trading volume.

## **ARGUMENT**

### I. **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation pursuant to Rule 42(a) is proper when actions involve common questions of law and fact. *See Dutton v. Harris Stratex Networks, Inc.* Civil Action Nos. 08-755-JJF, 08-815-JJF, 2009 WL 1598408, at *1 (D. Del. June 5, 2009). Courts recognize that class action shareholder suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *See Aronson v. McKesson HBOC, Inc*., 79 F. Supp. 2d 1146, 1150 (N.D. Cal. 1999) ("It seems obvious that fifty-four separate class actions predicated on the same set of misstatements by corporate officials, causing an artificial inflation and then a corrective drop in share prices, present common questions of fact.").

The Actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter, and present the same legal issues. Each alleges the same violations of the Exchange Act, and is based on the same wrongful course of conduct. Each names the Company and the Individual Defendants as Defendants. Because the Actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions.

Accordingly, consolidation under Rule 42(a) is appropriate.

### A. The Court Should Resolve The Consolidation Issue As A Prerequisite To The Determination Of Lead Plaintiff

Once the Court decides the consolidation motion, it must decide the lead plaintiff issue "[a]s soon as practicable." Section 21D(a)(3)(B)(ii), 15 U.S.C. § 78u-4(a)(3)(B)(ii). As Movant has an interest in moving these actions forward, he respectfully urges the Court to resolve the consolidation motion as soon as practicable. A prompt determination is reasonable and

warranted under Rule 42(a), especially given the common questions of fact and law presented by the related actions now pending in this District.

II.     **THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF**

    B.     **The Procedure Required By The PSLRA**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." Sections 21D(a)(1) and 21D(a)(3)(B), 15 U.S.C. §§ 78u-4(a)(1) and (a)(3)(B).

First, the plaintiff who files the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. Section 21D(a)(3)(A)(i), 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person who is a member of the proposed class to be appointed lead plaintiff. Sections 21D(a)(3)(A)(i)(II) and 21D(a)(3)(B)(i), 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the person that:

    (aa)    has either filed the complaint or made a motion in response to a notice;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Section 21D(a)(3)(B)(iii)(I), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that

4

render such plaintiff incapable of adequately representing the class." Section 21D(a)(3)(B)(iii)(II), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him.  Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Actions.

### 1. Movant Is Willing To Serve As Class Representative

On August 16, 2010, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to Section 21D(a)(3)(A)(i), which announced that a securities class action had been filed against Lincoln, and which advised putative class members that they had until October 15, 2010 to file a motion to seek appointment as a lead plaintiff in the action.  *See* Seidman Decl. Ex. A.  Movant has reviewed the complaint filed in the Actions and has timely filed his motion pursuant to the Notice.  In doing so, Movant has attached his certification attesting to his willingness to serve as a representative party of the Class and provide testimony at deposition and trial, if necessary.  *See* Seidman Decl. Ex. B.  Accordingly, Movant satisfies the first requirement to serve as lead plaintiff.  Section 21D(a)(3)(B)(iii)(I)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### 2. Movant Has The Largest Financial Interest

The PSLRA requires the Court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person…that . . . has the largest financial interest in the relief sought by the class."  Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Movant submits that he has the largest financial interest of any shareholder in the Actions.  During the Class Period, Movant suffered losses of $114,350.  *See* Seidman Decl. Ex. C.  These losses are significant enough to ensure that Movant has a sufficient financial stake to

remain an active participant in the Actions and oversee their vigorous prosecution by counsel. *See Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1135-36 (C.D. Cal. 1999). *See also House Conference Report No. 104-369*, 104th Cong.1st Sess. at 34 (1995) (citing Conference Report of Securities Reform, H.R. Rep. No. 369, 104 Cong., 1st Sess. 31, reprinted in U.S.C.C.A.N. 679, 730-31). Movant is not aware of any other moving party who has suffered larger losses. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as lead plaintiff in the Actions. Section 21D(a)(3)(B)(iii)(I)(bb), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3. Movant Satisfies The Requirements of Rule 23(a) Of The Federal Rules Of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA also states that at the outset of the litigation, the lead plaintiff must also "otherwise satisf[y] . . . the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u 4(a)(3)(B)(iii)(I)(cc). Only typicality and adequacy are relevant for purposes of a motion for lead plaintiff. *In re Cendant Corp. Litig.*, 264 F.3d 201, 263-65 (3d Cir. 2001). As discussed below, Movant satisfies the typicality and adequacy requirements under Rule 23(a) and the PSLRA.

The claims asserted by Movant are typical of those of the Class. Movant, like the members of the Class, purchased Lincoln common stock during the Class Period at prices artificially inflated by defendants' materially false and misleading statements, and was damaged thereby. Thus, his claims are typical, if not identical, to those of the other members of the Class because Movant suffered losses similar to those of other Class members and his losses result from defendants' common course of conduct. *In re Vonage Initial Public Offering (IPO) Securities Litigation*, Civil Action No. 07-177 (FLW), 2007 WL 2683636, at *6 (D.N.J. Sept. 7, 2007). Accordingly, Movant satisfies the typicality requirement of Rule 23(a)(3).

Movant is also an adequate representative for the Class. There is no antagonism between

6

his interests and those of the Class.  Moreover, Movant has retained counsel highly experienced in prosecuting securities class actions, and will submit his choice to the Court for approval pursuant to Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  *See Vonage*, 2007 WL 2683636, at *6.

Accordingly, at this stage of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23 and, therefore, satisfies Section 21D(a)(3)(B)(iii)(I)(cc), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

## II.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to court approval.  Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v); Section 21D(a)(3)(B)(v), 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); Section 21D(a)(3)(B)(iii)(II)(aa), 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected and retained Bernstein Liebhard LLP as the proposed lead counsel for the Class.  Bernstein Liebhard has extensive experience in securities class actions.  *See* Seidman Decl. Ex. D for resume of Bernstein Liebhard.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests that this Court: (1) consolidate the related, and any subsequently-filed related, cases; (2) appoint Movant as lead plaintiff for the Class in the Actions and all subsequently-filed, related actions; and (3) approve Movant's selection of Bernstein Liebhard LLP to represent the Class as lead counsel.

8

| Dated:  October 15, 2010 | **JAN MEYER & ASSOCIATES, P.C.**<br><br>**/s/**<br>_____<br>Jan Meyer<br>Solomon Rubin<br>1029 Teaneck Road, 2nd Floor<br>Teaneck, NJ  07666<br><br>**BERNSTEIN LIEBHARD LLP**<br>U. Seth Ottensoser<br>Joseph R. Seidman, Jr.<br>10 East 40th Street - 22nd Floor<br>New York, New York, 10016<br>(212) 779-1414 |

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the following counsel of record in the action filed in this Court by ECF on October 15, 2010:

SAMUEL L. DAVIS
DAVIS, SAPERSTEIN & SALOMON, PC
375 CEDAR LANE
TEANECK, NJ 07666

/s/
_____
JOSEPH R. SEIDMAN, JR.