# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DONALD J. and MARY S. MOREAUX, Individually and on Behalf of all Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>LINCOLN EDUCATIONAL SERVICES CORP., DAVID F. CARNEY, SHAUN E. MCALMONT AND CESAR RIBEIRO,<br><br>　　　　　　　Defendants. | No. 2:10-cv-04160-SRC<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS<br><br><u>JURY TRIAL DEMANDED</u> |
| ROBERT LYATHAUD, Individually and on Behalf of all Others Similarly Situated,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>LINCOLN EDUCATIONAL SERVICES CORP., DAVID F. CARNEY, SHAUN E. MCALMONT AND CESAR RIBEIRO,<br><br>　　　　　　　Defendants. | No. 2:10-cv-04926-SDW -MCA<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF FEDERAL SECURITIES LAWS<br><br><u>JURY TRIAL DEMANDED</u> |

**<u>MEMORANDUM IN SUPPORT OF THE MOREAUX GROUP'S MOTION
TO CONSOLIDATE RELATED ACTIONS; TO BE APPOINTED LEAD PLAINTIFF;
AND TO APPROVE THE MOREAUX GROUP'S CHOICE OF COUNSEL</u>**

Lead plaintiff movants Donald Moreaux, Mary Moreaux, Mike Schweertmann, Edward Mitchell, and Ray Vincent (collectively, the "Moreaux Group" or "Movant") hereby move for an order: (1) consolidating all related actions filed against Lincoln Educational Services Corp. ("Lincoln" or the "Company") and other defendants concerning the subject matters of this action pursuant to Fed. R. Civ. P. 42(a); (2) appointing the Moreaux Group as lead plaintiff in this action pursuant to the Private Securities Litigation Reform Act of 1995 ("PLSRA"); and (3) approving Movant's selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel.

## PRELIMINARY STATEMENT

This is a federal class action on behalf of purchasers of the common stock of Lincoln between March 13, 2009, and August 5, 2010, inclusive (the "Class Period"), seeking to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act").

The first lawsuit filed against defendants, *Donald J. and Mary S. Moreaux, Individually and on Behalf of all Others Similarly Situated v. Lincoln Educational Services, et al*, No. 2:10-cv-04160-SRC, filed in this district on August 13, 2010, was investigated and filed by proposed Lead Counsel KSF on behalf of lead plaintiff movants Donald and Mary Moreaux. On August 16, 2010, the first notice that a class action had been initiated against defendants was published on *Globe Newswire*, a widely-circulated national business-oriented wire service, advising members of the proposed Class of their right to move the Court to serve as lead plaintiff no later than 60 days after the issuance of the notice. *See* Declaration of Lewis S. Kahn ("Kahn Decl.") at Exhibit B. The Moreaux Group–comprised of Lincoln stock investors–has timely filed this motion and seeks appointment as lead plaintiff.

As described in the Certifications and loss chart attached to the Kahn Declaration at Exhibit A, the Moreaux Group has suffered losses of $43,316.05 as a result of its members'

purchases of shares of Lincoln common stock during the proposed Class Period. To the best of its knowledge, the Moreaux Group has sustained the largest loss of any investor seeking to be appointed as lead plaintiff.

In addition to evidencing the largest financial interest in the outcome of this litigation, the Moreaux Group's Certifications also demonstrate each individual members' intent to serve as lead plaintiff in this litigation, including their cognizance of the duties of serving in that role. The Moreaux Group fully understands the duties and responsibilities to the Class, and is willing and able to oversee the vigorous prosecution of this action, and to oversee counsel.  As a result, the Moreaux Group satisfies both the applicable requirements of the PSLRA, as well as Rule 23 of the Federal Rules of Civil Procedure. The Moreaux Group is thus to be accorded the presumption as the "most adequate plaintiff."

## STATEMENT OF FACTS

Lincoln is a New Jersey corporation that provides career-oriented post-secondary education services in the United States. It offers degree and diploma programs for high school graduates and working adults in health sciences, automotive technology, skilled trades, hospitality services, and business and information technology. As of December 31, 2009, the Company reported 29,340 students enrolled in its programs; and operated 43 campuses in 17 states under the names of Lincoln Technical Institute, Lincoln College of Technology, Lincoln College of New England, Nashville Auto-Diesel College, Southwestern College, Clemens College, and Euphoria Institute of Beauty Arts and Sciences.

During the Class Period, the defendants made numerous positive statements regarding Lincoln's operational performance and future growth projections. These statements were each materially false and misleading when made, and were known by defendants to be false or were

recklessly disregarded as such thereby, for the following reasons, among others:

- The Company's purported success was not, as defendants' claimed, the result of defendants' competent management. In truth, defendants had propped up the Company's results by fraudulently inducing students to enroll in Lincoln's scholastic and educational programs and engaged in other manipulative recruiting tactics which defendants knew, or recklessly disregarded, could not be maintained.

- Unbeknownst to investors, defendants had materially overstated the Company's growth prospects by failing to properly disclose that defendants had engaged in illicit and improper recruiting activities, which also had the effect of artificially inflating the Company's reported results and future growth prospects.

- It was also not true that Lincoln contained adequate systems of internal operational or financial controls during the Class Period such that Lincoln's reported operational statements and foreseeable growth prospects were true, accurate, or reliable.

- As a result of the aforementioned adverse conditions, which defendants failed to disclose, throughout the Class Period, defendants lacked any reasonable basis to claim that Lincoln was operating according to plan, or that Lincoln could achieve guidance sponsored and/or endorsed by defendants.

Defendants were motivated to materially misrepresent to the SEC and investors the true financial condition of the Company because: (i) it deceived the investing public regarding Lincoln's business, operations, management, and the intrinsic value of Lincoln common stock; (ii) it enabled defendants to artificially inflate the price of Lincoln shares; (iii) it enabled Lincoln insiders to sell over $76.5 million dollars of their privately held Lincoln shares while in possession of material, adverse, non-public information about the Company; and (iv) it caused plaintiffs and other members of the Class to purchase Lincoln common stock at artificially inflated prices.

It was only on August 5, 2010, that investors learned the truth about Lincoln after the Company announced that it could no longer maintain its growth expectations or meet guidance sponsored and endorsed by defendants, and after the United States General Accounting Office ("GAO") issued a report that concluded that for-profit educational institutions like Lincoln had

engaged in an illegal and fraudulent course of action designed to recruit students and over-charge the federal government for the cost of such education. Following these disclosures, shares of the Company collapsed–falling over $4.30, or 20% in a single trading day, on unusually high trading volume.

## ARGUMENT

### II.  THE MOREAUX GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

#### A.     The Procedural Requirements Pursuant to the PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(a)(3). First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Plaintiff in the first-filed action published a notice on *Globe Newswire* on August 16, 2010 (*See* Kahn Decl. Ex. B).[1] This notice announced that applications for appointment as lead plaintiff had to be made within 60 days from that date. As the PSLRA notes, after publication of the required notice, any member or members of the proposed Class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in this action. 15 U.S.C. § 78u-4(a)(3)(A) and (B).

Next, according to the PSLRA, within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as lead plaintiff the movant or movants that the Court determines to be most capable of adequately representing the interests of Class Members.

---

[1]     *Globe Newswire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *Mohanty v. BigBand Networks, Inc.*, No. 07-5101, 2008 WL 426250, at *2 (N.D. Cal. Feb. 14, 2008).

15 U.S.C. § 78u-4(a)(3)(B)(i). This involves a two-step process. "First, [the Court should] identify a presumptive lead plaintiff, and second, [] determine whether the presumption has been rebutted." *City of Roseville Employees' Retirement System v. Horizon Lines Inc.,* No. 08-969, 2009 WL 1811067, at *1 (D. Del. June 18, 2009). As indicated by the PSLRA:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that—
>
> > (aa) has either filed the complaint or made a motion in response to a notice…
> >
> > (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> >
> > (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. § 78u-4(a)(3)(B)(iii).

### B. The Moreaux Group is "The Most Adequate Plaintiff"

#### 1. The Moreaux Group Has Complied With the PLSRA and Should Be Appointed Lead Plaintiff

The Moreaux Group has met the requirement of 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa) by timely filing a motion on October 15, 2010. Moreover, the Moreaux Group has sustained a substantial loss from its investment in Lincoln stock and has shown a willingness to represent the Class. Each individual member of the Moreaux Group has signed a Certification detailing their transaction information during the Class Period. *See* Kahn Decl. Ex. A. As demonstrated by the Certifications, the members of the Moreaux Group are prepared to consult with counsel on a regular basis, prior to every major litigation event, and to direct the course of litigation, with the benefit of counsel's advice.

In addition, the Moreaux Group has selected and retained highly competent counsel with significant experience in class action and securities litigation to represent the Class. The firm biography of proposed lead counsel, KSF, is attached as Exhibit C to the Kahn Declaration.

#### 2. The Moreaux Group Has The Largest Financial Interest

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action. As demonstrated herein, the Moreaux Group (with losses of $43,316.05) has the largest known financial interest in the relief sought by the Class. *See* Kahn Decl. Ex. A.

### 3. The Moreaux Group Satisfies The Requirements Of Rule 23

According to 15 U.S.C. § 78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Of the four prerequisites to class certification outlined in Fed. R. Civ. P. 23 (*i.e.*, numerosity, commonality, typicality, and adequacy), only two – typicality and adequacy – are recognized by the Third Circuit as appropriate for consideration at this stage. *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001). The Third Circuit further emphasizes that only a *prima facie* showing is required by a movant. *Id.* As detailed below, the Moreaux Group satisfies both the typicality and adequacy requirements of Fed. R. Civ. P. 23, thereby justifying its appointment as lead plaintiff.

#### i. The Moreaux Group's Claims Are Typical Of The Claims Of All The Class Members

Under Rule 23(a)(3), typicality exists where "the claims…of the representative parties" are "typical of the claims…of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other Class Members, and when the claims are based on the same legal theory. Put differently, the Court should consider whether the circumstances of the movant or movants with the largest losses "markedly different or the legal theory upon which the claims [] are based differ [] from that upon which the claims of other class members will perforce be based." *Cendant,* 264 F.3d at 265 (citing *Hassine v. Jeffes*, 846 F.2d 169, 177 (3d Cir.1988)).

In this case, the typicality requirement is met because the Moreaux Group's claims are

7

identical, non-competing, and non-conflicting with the claims of the other Class Members. The Moreaux Group members purchased Lincoln securities during the Class Period when the stock prices were artificially inflated as a result of the fraudulent misrepresentations and omissions. Thus, both the Moreaux Group and the Class Members suffered damages as a result of these purchases. They all: (1) purchased Lincoln securities during the Class Period; (2) purchased Lincoln securities at artificially-inflated prices as a result of the material misrepresentations and omissions; and, (3) suffered damages thereby. *See Cortese v. Radian Group, Inc.*, No. 07-3375, 2008 WL 269473, at *2 (E.D. Pa. Jan. 30, 2008) ("Iron Workers and Ann Arbor satisfy the typicality requirement, because, like the other class members, they: 1) purchased Radian securities during the Class Period; 2) at prices that were allegedly artificially inflated by the defendants' materially false and misleading statements; and 3) suffered damages as a result.").

Although a movant or movants may be considered atypical if "subject to a unique defense that is likely to become a major focus of the litigation," *Beck v. Maximus, Inc.,* 457 F.3d 291, 301 (3d Cir.2006), the Moreaux Group is not subject to any unique or special defenses. The Moreaux Group thus satisfies the typicality requirement of Fed. R. Civ. P. Rule 23.

### ii.  The Moreaux Group Will Adequately Represent The Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Movant to: (1) whether there are any conflicts between the interests of the Movant and the members of the Class; (2) whether the Movant is an adequate representative of the Class; (3) whether the interests of the Movant are clearly aligned with the members of the putative Class; and (4) whether there is evidence of any antagonism between their respective interests. 15 U.S.C. § 78u-4(a)(3)(B); *Cendant*, 264 F.3d at 265 ("courts should consider whether a movant or

movants "has the ability and incentive to represent the claims of the class vigorously, [whether it] has obtained adequate counsel, and [whether] there is [a] conflict between [the movant's] claims and those asserted on behalf of the class.") (citation omitted); *In re Prudential Ins. Co. of Am. Sales Practices Litig.,* 148 F.3d 283, 312 (3d Cir.1998) (looking to whether class counsel is qualified and there is an absence of conflicts between the representative and the class).

The Moreaux Group's interests are clearly aligned with the members of the Class because its claims are identical to the claims of the Class. There is no evidence of antagonism between its interests and those of the proposed Class Members. Furthermore, the Moreaux Group has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the large financial loss it has incurred as a result of the wrongful conduct alleged herein. This motivation, combined with the Moreaux Group's symbiotic interest with the members of the Class, clearly shows that the Moreaux Group will adequately and vigorously pursue the interests of the Class. In addition, the Moreaux Group has selected a law firm that is highly experienced in successfully prosecuting securities class actions and other complex, federal litigation.

Therefore, because the Moreaux Group not only meets both the typicality and adequacy requirements of Fed. R. Civ. P. Rule 23, but also has sustained the largest amount of losses, the Moreaux Group is presumptively the most adequate plaintiff to lead this action.

### III. THE COURT SHOULD APPROVE THE MOREAUX GROUP'S CHOICE OF LEAD COUNSEL

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the Class, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 273-276 (3d Cir. 2001); *see also Cohen v. U.S. Dist. Court for the Northern Dist. of Cal.*, 586 F.3d 703, 710 (9th Cir. 2009) ("the lead plaintiff, not the district court, selects lead counsel"); *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). "Unless a lead plaintiff's

selection of counsel would fail to protect the interest of the class, a court should not interfere with the selection process." *In re Herley Ind., Inc.*, No. 06-2596, 2010 WL 176869, at *5 (E.D. Pa. Jan. 15, 2010).

The Moreaux Group has selected KSF to serve as Lead Counsel. The attorneys at KSF have not only successfully prosecuted complex securities fraud actions, but they have also successfully prosecuted many other types of complex class actions. *See* Kahn Decl. Ex. C. Furthermore, KSF has continually invested time and resources in carefully investigating and prosecuting this case. The Court may be assured that the proposed lead counsel will provide the highest caliber of legal representation.

## CONCLUSION

For all of the foregoing reasons, the Moreaux Group respectfully requests that the Court: (1) consolidate all currently and any future filed related cases; (2) appoint the Moreaux Group to serve as lead plaintiff in this action; (3) approve the Moreaux Group's selection of KSF as Lead Counsel; and, (4) grant such other and further relief as the Court may deem just and proper.

Dated: October 15, 2010                  /s/ Paul A. Garfield

PAUL A. GARFIELD
SAMUEL L. DAVIS
**DAVIS, SAPERSTEIN & SALOMON, P.C.**
375 Cedar Lane
Teaneck, NJ 07666
Telephone: (201) 907-5000
Facsimile: (201) 692-0444
Email: sam@dsslaw.com

**Local Counsel for Plaintiffs**

KIM MILLER
**KAHN SWICK & FOTI, LLC**
500 Fifth Avenue, Ste. 1810
New York, NY 10110
Telephone: (212) 696-3730
Facsimile: (504) 455-1498
Email: kim.miller@ksfcounsel.com

        LEWIS KAHN
**KAHN SWICK & FOTI, LLC**
206 Covington Street
Madisonville, Louisiana 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
Email: lewis.kahn@ksfcounsel.com

**Attorneys for Plaintiffs and Proposed Lead Counsel for the Class**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to non-CM/ECF participants.

        /s/ Paul A. Garfield